IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN W. BOHN, | |
|     Plaintiff, | |
| v. | Case No. 23-cv-3949-NJR |
| JANE DOES (ST. CLAIR COUNTY MEDICAL STAFF) and SHERIFF RICHARD WATSON, | |
|     Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Jonathan W. Bohn brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Bohn alleges that Defendants ignored his request for medical care while he was detained at the St. Clair County Jail.

    This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

    In his Complaint, Bohn makes the following allegations: Bohn alleges that he is in the custody of the United States Marshals Service but is being detained at the St. Clair

1

County Jail.[1] He suffers from extreme stomach pain and suffers blood loss during bowel movements (Doc. 1, p. 1). Bohn has contacted "medical staff" through sick calls, grievances, and complaints made through the jail's "kiosk" system (*Id.*). He has also notified officers of his condition for the last three weeks but his requests for care have been ignored. Bohn believes that his lack of care might be a retaliatory act by Sheriff Richard Watson and other staff due to another pending lawsuit filed by Bohn. *See Bohn v. Briggs*, Case No. 23-cv-3350-MAB. He requests that the Court order that he receive medical care, be moved to another facility, and inform the Marshals Service of his current state.

## Discussion

Simply put, Bohn fails to state a claim. It appears that Bohn had already been found guilty of violating the terms and conditions of his supervised release at the time he filed his Complaint. As such, the conduct about which he complains is analyzed under the Eighth Amendment's deliberate indifference standard. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

But Bohn's claim fails whether analyzed under the Fourteenth Amendment (applicable to pretrial detainees) or the Eighth Amendment. Bohn takes issue with the medical care provided by officials at the county facility, but he fails to identify a specific

---

[1] The undersigned revoked Bohn's previously imposed term of federal supervised release on November 7, 2023. *See* Doc. 247 in Case No. 10-30019-NJR-1 (S.D. Ill.). Bohn was sentenced to 14 months' imprisonment, to be followed by an 18 month term of supervised release. It appears Bohn has already been transferred to the Bureau of Prisons at FCI-Forrest City-Low. *See* https://www.bop.gov/inmateloc/ (last visited Dec. 19, 2023).

individual who has denied him care. He states that medical staff failed to respond to his sick calls but refers to unknown Jane Does in the caption of his Complaint. Although Bohn may certainly allege claims against identified John/Jane Does (i.e., John/Jane Doe #1, John/Jane Doe #2), he includes a generic group of Jane Doe medical staff which is too generic to survive threshold review. Bohn fails to describe the unknown staff or even state the number of them. Bohn may identify a defendant by a John/Jane Doe designation, but he must identify them by number and description. His generic referral to staff fails to state a claim.

Bohn also identifies Sheriff Richard Watson as a defendant but fails to allege that Watson was aware of Bohn's need for medical care. Watson cannot be held liable simply in his position as sheriff because supervisory liability does not apply to actions under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Nor has Bohn provided any allegations, other than conclusory statements, to suggest that Watson is retaliating against Bohn.

Thus, Bohn's Complaint fails to state a claim and is **DISMISSED without prejudice**.

### Filing Fee

Bohn commenced this action without prepaying the filing fee or filing a motion for leave to proceed *in forma pauperis* ("IFP"). He has been ordered to pay the entire fee or file an IFP motion within 30 days of the Court's Order (**on or before January 16, 2024**) (Doc.3). *He is reminded that failure to do so shall result in the dismissal of this action without prejudice.*

### Request for Relief

Bohn's request for relief seeks proper medical treatment and for the United States Marshals Service to be informed of his current condition (Doc. 1, p. 2). Although Bohn's Complaint seems to request immediate relief, he has not filed a motion for preliminary injunction, nor has he demonstrated that he is entitled to immediate relief. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012) (In order to obtain injunctive relief, a plaintiff has the burden of demonstrating (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction.). Although his claims for injunctive relief related to his stay at the St. Clair County Jail are moot in light of his transfer to the Bureau of Prisons, the undersigned nevertheless advises Bohn that should he seek such relief in the future, he would need to file a motion for preliminary injunction setting forth his exact request for relief and the facts that support the request. Any claim for injunctive relief at this time is **DENIED**.

### Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Bohn will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Bohn must comply with the instructions and deadlines set forth below.

Bohn is **GRANTED** leave to file a "First Amended Complaint" on or before **January 16, 2024**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be

dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such a dismissal could count as one of Bohn's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, if Bohn chooses to file an amended pleading, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Bohn must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Bohn in drafting his First Amended Complaint, the Clerk of Court is **DIRECTED** to send Bohn a Section 1983 Complaint form.

Bohn is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Bohn is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply

with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 19, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**